UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN A USSERY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 23-cv-06082-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

Before the Court is Plaintiff Branden Ussery's motion to remand. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for **May 9, 2024** is VACATED. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion, for the following reasons.

Ussery brought a lawsuit against Defendants Ford Motor Company ("Ford") and The Ford Store San Leandro in the Superior Court of California, County of Alameda on September 29, 2023. Rogerson Decl. ¶ 4, ECF 1-2 (Ex. A). Ussery served Ford, *id.*, ECF 1-10 (Ex. I), and The Ford Store San Leandro on October 6, 2023, *id.*, ECF 1-9 (Ex. H). On October 26, 2023, Ford received a copy of the Retail Installment Sales Contract ("RISC") from the selling dealership, Future Ford of Concord,[1] and determined the purchase price of the subject vehicle and the amount in controversy. Rogerson Decl. ¶¶ 7-8. Ford removed the case to federal court on November 22, 2023. ECF 1. Ussery moved to remand the case on December 22, 2023. ECF 15.

Ussery argues that remand is proper because Ford's removal was untimely, The Ford Store

---

[1] Future Ford of Concord is not a party in this lawsuit.

1    San Leandro did not consent to removal, and Ford failed to establish an amount in controversy

2    exceeding $50,000 for its Magnuson-Moss Warranty Act claim.  Because the Court finds that

3    Defendant The Ford Store San Leandro did not consent to removal, the Court does not consider

4    timeliness or the amount in controversy.

5           To contest remand, Ford argues that "[as] Plaintiffs' cause of action for violation of the

6    Magnuson-Moss Act is against Ford only, the Ford Store San Leandro's consent is not required."

7    ECF 16 at 7.  Ford cites no caselaw in support of this argument, and the Court cannot agree.

8           "The removal statute is strictly construed, and any doubt about the right of removal

9    requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241,

10   1244 (9th Cir. 2009).  "When a civil action is removed solely under section 1441(a), all defendants

11   who have been properly joined and served must join in or consent to the removal of the action."

12   28 U.S.C. § 1446(b)(2)(A); *see Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th

13   Cir. 2009) (citation omitted) ("[A]ll the defendants must join in the application" for removal).

14   Here, The Ford Store San Leandro was properly served on October 6, 2023, prior to Ford's notice

15   of removal.  Rogerson Decl., Ex. H.  The Ford Store San Leandro did not join or consent in the

16   removal of the action.  *See* ECF 1.  Thus, removal was improper.  Moreover, Ford does not state in

17   its Notice of Removal that The Ford Store San Leandro consented in removal.  *See Proctor*, 584

18   F.3d at 1225 ("One defendant's timely removal notice containing an averment of the other

19   defendants' consent and signed by an attorney of record is sufficient."); *see, e.g.*, *TPCO US

20   Holding, LLC v. Fussell*, No. 23-CV-01324-EMC, 2023 WL 4312571, at *4 (N.D. Cal. July 3,

21   2023) (remanding case to state court where "[r]emoving Defendants failed to obtain or aver the

22   consent of all defendants . . . [prior to removal where] the Other Named Defendants were properly

23   joined and served in the initial Complaint, and thus were required to have either joined in or

24   consented to the Notice of Removal but failed to do so").  Accordingly, removal was improper.

25   ///

26   ///

27   ///

28   ///

1   For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's motion to remand
2 this case to California Superior Court. The Clerk **SHALL** transmit the file to the County of
3 Alameda and close the file in this Court.

6   **IT IS SO ORDERED.**

7 Dated: April 8, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**